UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

LARRY JACOBSON, as Chairman of the Joint
Industry Board of the Electrical Industry,,

                      Plaintiff,

- against -

ELECTROTECH ELECTRICAL
CONTRACTING, INC. and PAUL BROWNE,

                      Defendants.

-----------------------------------------------------------------x

So Ordered:

s/Edward R. Korman

Civ. Action No. 05-0138
(ERK) (JMA)

**CONSENT JUDGMENT**

## CONSENT JUDGMENT

This Consent Judgment is entered into this 25 day of April, 2006, by and between the Dr. Gerald Finkel, as Chairman of the Joint Industry Board of the Electrical Industry ("JIB")[1], Electrotech Electrical Contracting Inc. ("Electrotech"), Paul Browne ("Browne") individually, and Michael Tennyson, individually (Electrotech, Browne and Tennyson are collectively referred to herein as "Debtors"), in settlement of the claims and debts owed to the JIB for delinquent employee benefit contributions.

1. Debtors admit and acknowledge that they owe to the JIB, jointly and severally, and shall have judgment entered against them, and hereby do have such judgment entered in favor of the plaintiff and against the Debtors, for delinquent contributions to the JIB for employee benefit plans and other programs (the "Plans") administered by the JIB in the amount of $90,844.29, which represents contributions for the weeks ending July 30, 2003; November 12, 2003; March

---

[1] Effective January 1, 2006, Dr. Gerald Finkel succeeded Larry Jacobson as Chairman of the Joint Board.

17, 2004; May 5, 2004 through May 26, 2004 and June 9, 2004 through June 16, 2004. This sum will continue to accrue interest until paid in full.

2. Debtors shall pay the indebtedness described in paragraph 1 hereof by making weekly payments of $700 commencing on April 26, 2006 and every Wednesday thereafter until the indebtedness is paid in full. Debtors shall have the right to pre-pay the sums due.

3. Debtors' obligation to make contributions to the Plans arises out of the May 10, 2001 to May 13, 2004 collective bargaining agreement (the "CBA"), between the New York Electrical Contractors Association, Inc., the Association of Electrical Contractors, Inc. (collectively the "employer associations") and independent or unaffiliated contractors and Local Union No.3, International Brotherhood of Electrical Workers, AFL-CIO, (the "Union"), and as such, Debtors were required to make contributions to and file payroll reports with the JIB. The CBA has been and remain in full force and effect for all times material to this action. The JIB represents that it is a fiduciary with respect to the Plans and as such is a proper party to an action to enforce the contributions owed to the Plans administered by the JIB.

4. Debtors acknowledge and admit that interest has accrued and will continue to accrue on all outstanding balances set forth above until paid at a rate established by and prevailing under the Plans. Debtors agree to pay such accrued interest, which shall be calculated by the JIB following receipt of all of the payments required under paragraph 2, within seven (7) days of notice of the amount of interest from the JIB.

5. Debtors shall also be responsible for any legal fees incurred by the JIB in connection with the administration and/or enforcement of this Consent Judgment and any legal fees previously incurred to collect the contributions described herein. Debtors agree to remit payment to the JIB within seven (7) days of notice of any such legal fees incurred.

6. Debtors also agree to submit all remittance reports that are due under the CBAs but have not been submitted to the JIB.

7. In the event that Debtors reemploy employees performing work covered by the CBAs or any subsequent collective bargaining agreement between the Debtors and the Union, Debtors agree to make all weekly contributions required under such agreements as they become due, in addition to the payments required under paragraph 2 herein. Debtors also agree that notwithstanding anything to the contrary, they will remit deferred wage contributions as soon as such deferred wages can reasonably be segregated from the employer's general assets, but in no event later than fifteen (15) business days after the end of the payroll week for which the contributions are due.

8. The JIB agrees not to take any further enforcement action in this matter regarding the Consent Judgment unless and until the Debtors fail to comply with this Consent Judgment after notice and opportunity to cure as described in paragraph 10.

9. Nothing in this Consent Judgment shall prevent the JIB from docketing this judgment pursuant to NY CPLR §5018. Debtors acknowledge that the JIB intends to docket this judgment in Bronx County, New York for purposes of obtaining a lien on Debtor's property at 4288 Katonah Avenue, Bronx, New York. Upon the full satisfaction of this Consent Judgment, the JIB agrees to file a satisfaction of judgment with the Court as described in paragraph 16.

10. Debtors shall make each payment due under the Consent Judgment by check and remit each such payment to the Joint Industry Board of the Electrical Industry, 158-11 Harry Van Arsdale Jr. Avenue, Flushing, New York 11365-3095, attn: Camile Floria. In the event that a check for any payment due under this Consent Judgment is deemed uncollectible for any reason, Debtors shall make all future payments by certified or bank funds.

11. Debtors agree that their failure to tender any payment on the dates specified in this Consent Judgment or their failure to remain current in their benefit contributions within three (3) weeks, shall constitute a Default under this Consent Judgment. In the event of a Default, if Debtors fail to cure such Default within five (5) calendar days after written notice of such Default is transmitted to Debtors by facsimile, the JIB shall be entitled to inform the United States District Court, Eastern District of New York (the "Court") of the Default and be entitled to entry of Supplemental Judgment against Debtors, jointly and severally, for accrued interest, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(2). The JIB's failure to avail itself of this remedy in the case of any one or more defaults hereunder shall not constitute a waiver of the JIB's right to avail itself of this remedy in the event of a future default. In addition, the parties acknowledge that the JIB may avail itself of all remedies as provided under the CBAs or applicable trust agreements, in law and equity.

12. The payments made by the Debtors pursuant to this Consent Judgment or any supplemental judgment shall be allocated at the sole discretion of the JIB.

13. This Consent Judgment shall not limit or restrict the amount owed by Debtors or any of the remedies available to the JIB under any other agreements with Debtors or any agreements with other parties or pursuant to applicable laws. Debtors acknowledge that this Consent Judgment may not cover all monies owed the Plans administered by the JIB.

14. Debtors represent and agree to accept service of process in any proceeding instituted pursuant to the Consent Judgment or any Supplemental Judgment by certified mail, return receipt requested and Express Mail. Debtors hereby waive service of process and any defenses pertaining to the Court's jurisdiction over it. Debtors further admit, accept and voluntarily submit to the jurisdiction of the Court. Debtors shall not assert any affirmative defense to payments due hereunder other than actual tender of payment.

15. Browne acknowledges that he is the principal of Electrotech and is authorized to enter into this Consent Judgment on behalf of Electrotech.

16. Upon full satisfaction of this Consent Judgment, the JIB will cause to be filed in the United States District Court, Eastern District of New York, a satisfaction of judgment with the Court.

**ELECTROTECH ELECTRICAL CONTRACTING INC.**

By: _____
Paul Browne
Principal
Dated: _____

**JOINT INDUSTRY BOARD OF THE ELECTRICAL INDUSTRY**

By: _____
Dr. Gerald Finkel
Chairman
Dated: 5/3/06

**MICHAEL TENNYSON**

By: _____
Michael Tennyson, Personally

**PAUL BROWNE**

By: _____
Paul Browne, Personally

Dated: _____

On this 25th day of April 2006, before me personally came Paul Browne who is known to me to be the person who signed the above Consent Judgment.

_____
Notary Public

CHRISTINA A. SESSA
Notary Public, State of New York
No. 02SE6011444
Qualified in Nassau County
Commission Expires Nov. 21, 2006

**MICHAEL TENNYSON**

By: _____
Michael Tennyson, Personally

On this 25th day of April 2006, before me personally came Michael Tennyson who is known to me to be the person who signed the above Consent Judgment.

_____
Notary Public

CHRISTINA A. SESSA
Notary Public, State of New York
No. 02SE6011444
Qualified in Nassau County
Commission Expires Nov. 21, 2006